David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*David Olesczuk*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DAVID OLESCZUK,

    Plaintiff,

v.

RETAIL CAPITAL, LLC DBA CREDIBLY,

    Defendant.

Civil Action No.: _____

**COMPLAINT**

For this Complaint, Plaintiff DAVID OLESCZUK, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq. ("EFTA").

2.    Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the EFTA to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights.

3.    As a result of any ill-gotten funds by Defendant, Plaintiff also brings a State law claim for "conversion" against Defendant.

4.    Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's EFTA claims.

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## **PARTIES**

7.    Plaintiff DAVID OLESCZUK ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 15 U.S.C. § 1693a(6).

9. Defendant RETAIL CAPITAL, LLC d/b/a CREDIBLY ("Credibly"), is doing business in the State of Nevada.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

10. Plaintiff allegedly incurred a financial obligation ("Debt") to Credibly.

11. Plaintiff and Credibly agreed to a payment schedule whereby Plaintiff would make regular daily payments ("Payments").

12. Payments were to be made via electronic withdrawals from Plaintiff's personal bank "account" as defined by 15 U.S.C. §1693a(2) and 12 C.F.R. 1005.2(b)(1).

13. The Payments were electronic funds transfers as defined by 15 U.S.C. § 1693a(7).

14. On or about June 1, 2020, Plaintiff sent a written communication to Credibly (via email) in which he specifically and explicitly revoked any and all previous authorizations to take electronic funds transfers from his bank account (the "Revocation Demand").

15. Credibly received Plaintiff's Revocation Demand and in fact

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

responded to Plaintiff's Revocation Demand with another email.

16.     Notwithstanding Plaintiff's Revocation Demand, Credibly unlawfully attempted to electronically withdraw $34.06 from Plaintiff's bank account on June 11, June 12, and June 15, 2020, then $340.60 on June 16, 2020, as seen below.



17.     These withdrawals were unauthorized electronic funds transfers as defined by 15 U.S.C. § 1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. § 1693, et seq.

18.     By attempting to withdraw the aforementioned funds, Credibly deprived and/or prevented access to Plaintiff's funds to pay bills and other personal purposes.

19.     Credibly's conduct further amounts to civil theft of Plaintiff's property in violation of common law conversion.

**B. <u>Plaintiff Suffered Actual Damages</u>**

20.     Plaintiff has suffered and continues to suffer actual damages as a

result of Credibly's unlawful conduct.

21. Further, Plaintiff alleges that Credibly's actions at all times herein were "willful."

22. As a direct consequence of Credibly's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, and has otherwise been totally annoyed by Credibly's actions. Plaintiff has also lost the use of personal and family time while enduring these frustrations.

23. Plaintiff has also lost funds which Credibly was not authorized to take possession of and has yet to return.

## COUNT I

### Violations of the EFTA
### (15 U.S.C. § 1693 ET SEQ.)

24. Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

25. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

26. As a result of each and every negligent violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable

attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

### Conversion

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Credibly intentionally took monies from Plaintiff's bank account with no lawful basis to do so.

29. At all times, Plaintiff owned and/or had full possessory rights over the funds in her bank account.

30. At all times, Credibly had no possessory rights to the funds in Plaintiff's bank account.

31. Credibly prevented Plaintiff from having access to and full deprived Plaintiff of any possessor rights or enjoyment of his chattels or monies described above.

32. The conduct of Credibly was oppressive, fraudulent, malicious, and outrageous.

33. Credibly harmed Plaintiff by fully depriving Plaintiff of the full use, value, and enjoyment of the monies described above.

34. Credibly further caused Plaintiff to suffer emotional distress, and other actual damages, such as out-of-pocket expenses and attorney's fees and costs.

35. The conduct of Credibly was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

36. Plaintiff is entitled to punitive and exemplary damages in an amount to be establish at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

1. actual damages pursuant to 15 U.S.C. § 1693m(a)(1) and common law conversion;

2. statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

3. costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

4. general and special damages in an amount to proven;

///

///

5. punitive damages for conversion; and

6. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 18, 2020

    Respectfully submitted,

    By  /s/ David Krieger, Esq.
    _____

    David Krieger, Esq.
    Nevada Bar No. 9086
    Shawn Miller, Esq.
    Nevada Bar No. 7825
    KRIEGER LAW GROUP, LLC
    2850 W. Horizon Ridge Parkway
    Suite 200
    Henderson, Nevada 89052
    Phone: (702) 848-3855
    Email: dkrieger@kriegerlawgroup.com
    Email: smiller@kriegerlawgroup.com

    Attorney for Plaintiff
    *David Olesczuk*

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052